In the United States District Court
For the District of Puerto Rico

| | |
|---|---|
| The United States of America,<br><br>Plaintiff<br><br>v.<br><br>Luis Matta-Quiñones,<br><br>Defendant. | Cr. No. 21-160 (FAB) |

RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION IN-LIMINE AT DOCKET ENTRY 77

TO THE HONORABLE FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

COMES NOW the defendant, Luis Matta-Quiñones ("Mr. Matta-Quiñones"), represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney, and very respectfully states, alleges and prays as follows:

I.      Introduction

On June 28, 2022, the government filed motion in-limine to prohibit the defendant's introduction of "exculpatory hearsay". *D.E. 77*. The government cites Rule 801(d)(2)—*An opposing party's statement*—when supporting its request, and several cases related to when a defendant makes exculpatory statements contemporaneously with other self-inculpatory statements, and when a defendant makes a self-inculpatory confession, but has non-self-inculpatory parts.

Mr. Matta-Quiñones was arrested on April 27, 2021, around 6:00PM. Immediately after his arrest, an upon seeing a feedbag the officers seized with firearms and

1

ammunition, Mr. Matta-Quiñones asked arresting officers "*y eso*?" (and that?), and "*eso no es mio*" (that is not mine). Less than two (2) hours after his arrest, when interviewed by FBI agents regarding the events transpired, and according to a report of investigation provided in discovery, Mr. Matta-Quiñones stated that while he was working at Hacienda Taino, he observed people and police officers running. He was ordered to the ground and arrested. Mr. Matta-Quiñones stated he had done nothing wrong, that he understood the people running were coming from a drug point, and that he communicated to the officers he was on federal supervised release. He further stated that the officers informed him he had thrown something they found and that is why he was arrested. Different to the cases cited by the government, Mr. Matta-Quiñones made no incriminatory statements regarding his arrest on April 27, 2021, nor his statements include both, inculpatory and exculpatory statements.

 II. Legal Argument

 A. Rule 803—Exceptions to the Rule Against Hearsay

Mr. Matta-Quiñones exculpatory statements are admissible under Rule 803(1) of the Federal Rules of Evidence, as an exception to the rule against hearsay. His statements describing and explaining the events were made while or immediately after he perceived it. *Fed. R. Evid. 803(1)*. According to one of the arresting officer's notes and evidence provided in discovery, Mr. Matta-Quiñones, immediately after being shown the feedbag seized, inquired about the bag, and stated it was not his. This statement was made immediately after seeing the bag. Less than two (2) hours after the events, Mr. Matta-Quiñones stated to the FBI agents, he had done nothing wrong. *See, United States v. Lovato*, 950 F .3d 1337, 1341 (10th Cir. 2020) ("*In evidence law, we generally credit the*

2

*proposition that statements about an event and made soon after perceiving that event are especially trustworthy because substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation*").

Mr. Matta-Quiñones' statements are also admissible under Rule 803(3) of the Federal Rules of Evidence, as they consisted of statements of the declarant's then-existing state of mind. *Fed. R. Evid. 803(3)*. Defendant's statements at arrest may be state of mind. *See*, *United States v. Harris*, 733 F .2d 994 (2nd Cir. 1984) (admitting statement defendant made to probation); *United States v. DiMaria*, 727 F .2d 265 (2nd Cir. 1984). To be admissible under the state of mind exception, a declaration must mirror a state of mind, which, in light of all the circumstances, including proximity in time, is reasonably likely to have been the same condition existing at the material time. *United States v. Rivera-Hernández*, 497 F .3d 71, 81 (1st Cir. 2007). *See also, Horton v. Allen*, 370 F .3d 75, 85 (1st Cir. 2004) ("*The premise for admitting hearsay statements evidencing state-of-mind is that such statements are reliable because of their spontaneity and the resulting probable sincerity*"). This contemporaneity requirement is imposed to diminish the likelihood of fabrication or deliberate misrepresentation. *Rivera-Hernandez*, 370 F .3d at 81. Here, Mr. Matta-Quiñones' statements were spontaneous and reliable.

It is clearly established federal law that when a hearsay statement bears persuasive assurances of trustworthiness and is critical to the defense, the exclusion of that statement may rise to the level of a due process violation. *Chia v. Cambra*, 360 F .3d 997, 1007 (9th Cir. 2004). Here, Mr. Matta-Quiñones statements' have assurances of trustworthiness. As confirmed by the United States Probation Office, Mr. Matta-Quiñones worked at Hacienda Taino and was on supervised release, as stated by him to FBI officers. He also

stated he saw people running, including police officers, which is also confirmed by the evidence.

   B. Rule 106—Rule of Completeness

If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time. *Fed. R. Evid. 106*. Courts have substantial discretion pursuant to Rule 611(a) of the Federal Rules of Evidence to apply the rule of completeness to oral statements. *United States v. Verdugo*, 617 F .3d 565, 579 (1st Cir. 2010). The fairness standard in Rule 106 have been extended to oral statements through Rule 611(a). *United States v. Baker*, 432 F .3d 1189, 1223 (11th Cir. 2005). This rule includes a complete confession, *see, United States v. Wenzel*, 311 F .2d 164 (4th Cir. 1962). When a confession is introduced, it is the defendant's right that all, not just part of it, be produced. *Id*. In 20 Am. Jur. 245, the general rule is thus stated: When a confession is admissible, the whole of what the accused said upon the subject matter at the time of making the confession is admissible and should be taken together, and if the prosecution fails to prove the whole statement, the accused is entitled to put in evidence all that was said to and by him at the time which bears upon the subject of controversy including any exculpatory or self-serving declaration connected therewith. *Id*. It also includes a complete prior testimony. *See, United States v. Walker*, 652 F .2d 708 (7th Cir. 1981).

The fairness principle in Rule 106 can override the rule excluding hearsay. *United States v. Harry*, 816 F .3d 1268, 1280-81 (10th Cir. 2016). Rule of completeness may be invoked to facilitate the introduction of otherwise inadmissible evidence. *United States v.*

*Bucci*, 525 F .3d 116 (1st Cir. 2008); *United States v. Millan*, 230 F .3d 431 (1st Cir. 2000); *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988).

Under the Rule 106 fairness standard, the exculpatory portion of the defendant's statement should have been admitted if it was relevant to an issue in the case and necessary to clarify or explain the portion received. *United States v. Range*, 94 F .3d 614, 620-21 (11th Cir. 1996) ("*Pacquette"s excluded statement that the cocaine did not belong to him was relevant to the primary issue in the case, his knowledge, and was relevant to the admitted portions of his statement*").

Here, if the government intends to introduce only part of Mr. Matta-Quiñones' post arrest statements, Rule 106 of the Federal Rules of Evidence allow for the Court to admit his complete statements.

WHEREFORE, Mr. Matta-Quiñones respectfully requests this Honorable Court to GRANT this motion and ALLOW admissibility of the complete post arrest statements provided by him, if the government introduces only portions of it.

I HEREBY CERTIFY that on this date I electronically filed the present motion with the Clerk of the Court using the CM/ECF system, which will send electronic notification of said filing to all parties of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 8th day of August 2022.

Eric Alexander Vos
Federal Public Defender

S/*Edwin A. Mora Rolland*
Edwin A. Mora Rolland

Assistant Federal Public Defender
USDC-PR 304603
241 F.D. Roosevelt Avenue
San Juan, Puerto Rico 00918-2441
(787) 281-4922 Ext. 6363
Fax (787) 281-4899
Edwin_Mora@fd.org