**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    **Plaintiff,**

        **v.**                    **Criminal No.** 21-160 (FAB)

LUIS MATTA-QUIÑONES,

    **Defendant.**

**OPINION AND ORDER**

BESOSA, District Judge.

    Defendant Luis Matta-Quiñones ("Matta") moves to preclude the United States from introducing at trial three photographs extracted from his cellphone, as well as recorded phone calls he made while incarcerated. (Docket No. 96.) The United States opposes this motion and files its own motion to permit the introduction of certain items found near the place of Matta's arrest. (Docket No. 101.) Matta does not oppose the government's motion. (Docket No. 110.) For the reasons set forth below, Matta's motion *in limine* (Docket No. 96) is **GRANTED in part** and **DENIED in part** and the government's unopposed motion *in limine* (Docket No. 101) is **GRANTED**.

I. **Background**

    On April 27, 2021, law enforcement officers approached a drug point in Loíza, Puerto Rico. (Docket No. 101 at p. 1—2.) The

police had observed short visits of multiple individuals to the area and had previously found heroin nearby.  Id. at p. 1.  When the officers arrived and identified themselves, four individuals fled.  Id. at p. 2.  After a pursuit, officers apprehended one of the alleged individuals, Matta.  Id.  While running, Matta had thrown a bag on top of a nearby stable complex, and when the police retrieved it, they found firearms and ammunition.  Id.  The police arrested Matta, and then searched the surrounding area, where they found four cellphones, two backpacks, a drone, a small amount of marijuana, a green handbag, a notebook with ledgers, a loaded firearm, and wrapping papers that are commonly used to wrap heroin. Id.  Matta stated in a post—arrest interview that he had been working in the area at the stable and the police, while pursuing someone else, arrested him when they came upon him.  Id.

A grand jury returned a two-count indictment on May 6, 2021, charging Matta with possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1) (count one), and possession of a machinegun in violation of 18 U.S.C. § 922(o) (count two).  (Docket No. 1.)

Matta moves to preclude the government from introducing three photographs extracted from his cellphone, arguing that the photos are irrelevant or inadmissible propensity evidence.  (Docket No. 96.)  One photo, dated January 2020, is of a clear plastic bag

containing what seems to be marijuana, labelled "Tajo."  Id. at
pp. 1—3.  The second photo is a selfie of Matta, created in February
2020.  Id. at pp. 2—3.  The third photo, dated February 2020, and
sent to Matta by his wife, is a close—up of two rolls of wrapping
paper.  Id. at pp. 2—4.  Matta also moves to preclude the government
from introducing recorded calls Matta made while incarcerated,
arguing they are also irrelevant.  Id. at p. 8.

The United States opposes this motion and files its own motion
to allow it to introduce the items that were found near the area
where Matta was arrested.  (Docket No. 101.)  Matta does not oppose
the government's motion.  (Docket No. 110.)  The government's
unopposed motion is **GRANTED**.  (Docket No. 101.)

## II.  Standard

Under the Federal Rules of Evidence, "[e]vidence is relevant
if:  (a) it has any tendency to make a fact more or less probable
than it would be without the evidence; and (b) the fact is of
consequence in determining the action."  Fed. R. Evid. 401.  If
the evidence does not meet these requirements, it "is not
admissible."  See Fed. R. Evid. 402.  Relevant evidence may still
be excluded, however, "if its probative value is substantially
outweighed by a danger of . . . unfair prejudice . . . ."  Fed. R.
Evid. 403.

Federal Rule of Evidence 404(b) ("Rule 404(b)") prohibits the admission of prior bad acts to establish an individual's character or propensity to act in accord with the character. <u>See</u> Fed. R. Evid. 404(b). The rule permits, however, the admission of prior bad acts "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, lack of mistake, or accident." <u>Id.</u> The proponent of Rule 404(b) evidence must satisfy a two-part test. <u>United States v. Landry</u>, 631 F.3d 597, 602 (1st Cir. 2011). First, other than establishing propensity, "the evidence must have 'special relevance' to an issue in the case such as intent or knowledge." <u>United States v. Varodakis</u>, 233 F.3d 113, 118 (1st Cir. 2000) (internal citations omitted). "Rule 404(b)'s list of [special relevance] purposes is not exhaustive." <u>Landry</u>, 631 F.3d at 602. To determine whether the proffered evidence has special relevance, trial courts consider the temporal proximity of the prior bad acts and the degree of similarity to the charged crime. <u>Id.</u> (citing <u>Varodakis</u>, 233 F.3d at 119). Second, "under [Federal Rule of Evidence] 403, evidence that is specially relevant may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." <u>Varodakis</u>, 233 F.3d at 118.

Ultimately, the admission of Rule 404(b) evidence is "committed to the sound discretion of the trial court" and subject

to an abuse of discretion standard of review.  United States v. Fields, 871 F.2d 188, 196 (1st Cir. 1989)).

## III. Discussion

### A.    Three Photos Extracted from the Cellphone

Matta argues that the photographs are irrelevant because they have no connection to the day of the arrest nor to the elements of the charged crimes.  (Docket No. 96 at p. 2.)  The government argues that the photos of the marijuana and wrapping paper show Matta's knowledge of a known drug area, which goes to his intent and opportunity to possess weapons, and his knowledge of different types of firearms.  (Docket No. 101 at pp. 5—6.)  The government also explains that the photo of Matta identifies the cellphone as his.  (Docket No. 101 at p. 7.)

Matta is accused in count one of violating 18 U.S.C. 922(g)(1), for possession of a firearm and ammunition by a prohibited person (Docket No. 1 at p. 1) and in count two of violating 18 U.S.C. 922(o), for possession of a machinegun.  Id. at p. 2.  The relevant elements of those charges are that "the defendant knowingly possessed the firearms and ammunition" for count one, and that "the defendant knowingly possessed machineguns" and "had knowledge of the characteristics that made the weapon a machinegun" for count two.  See Docket No. 96 at p. 5 (citing Pattern Criminal Jury Instructions for the District Courts

of the First Circuit—District of Maine Internet Site Edition, crpjilinks.pdf (uscourts.gov), Instructions 4.18.922(g)(1) and 4.18.922(o)).

   **i.   The Marijuana Photo**

        The government proposes that the photo of marijuana creates an inference that Matta had knowledge of the activities of the Loíza drug point, which then suggests a motive to possess firearms, his opportunity to acquire firearms, and his knowledge of firearms that have been modified to be machineguns.  (Docket No. 101 at p. 5.)  Why the photo suggests knowledge of the drug point, however, is not clear to the Court — the government states in a conclusory manner that "[t]he image of the marijuana on Defendant's phone shows that he knows about the illegal activities in that drug area."  Id.  While the Court agrees that evidence of a connection to a known drug trafficking area could be relevant to showing motive to possess firearms, there is no clear connection between the photo of the marijuana and the drug point area apart from the government's say so.  The evidence therefore has little probative value.  Cf. United States v. Ponzo, 2013 WL 5676286, at *2 (D. Mass. Oct. 16, 2013) ("[T]he government does not cite, and the Court has not found, any case law that supports its contention that mere possession of a weapon is evidence of a conspiracy or plan to murder a particular individual."); cf.

Varoudakis, 233 F.3d at 118-19 (Under step one of the Rule 404(b) analysis, the 'special relevance' of the evidence "must not include 'bad character or propensity as a necessary link in the inferential chain.'") (quoting United States v. Frankhauser, 80 F.3d 641, 648 (1st Cir. 1996)).

Even if there were some special relevance, the evidence fails on the second step of the analysis because the probative value is outweighed by the danger of unfair prejudice. See Varodakis, 233 F.3d at 118. "Under Rule 403, . . . risk of an improper criminal propensity inference should be considered in light of the totality of the circumstances, including the government's need for the evidence given other available testimony, to prove the issue identified pursuant to the 404(b) special relevance analysis." Id. at 122 (citing Old Chief v. United States, 519 U.S. 172, 184 (1997)).  Here, the government has other evidentiary alternatives to establish the premise that Matta was connected to the drug point.  See Docket No. 101 at p. 2; see also United States v. Guzmán-Ortiz, 2018 WL 3019103, at *1 (D. Mass. June 15, 2018) ("Any marginal probative value it may have in showing defendant's knowledge of the drug activity occurring in the house is outweighed by unfair prejudice, given the availability of other less inflammatory and more directly relevant evidence on the same point.")  The introduction of the photo of the marijuana

poses an outweighing danger that the jury will draw improper inferences of criminal propensity. See United States v. Da Lin, 707 F. Supp. 2d 158, 163 (D.N.H. 2010) ("Here, there is a substantial risk that the jury, if shown the affidavit, would improperly infer the defendant's guilt based not on its probative value, but on the assumption that his arrest for somewhat similar conduct indicates a propensity to traffic in counterfeit goods.")

Matta's motion *in limine* as to the photo of the marijuana is thus **GRANTED**.

### ii.   The Wrapping Paper Photo

Assuming that the photo of the two rolls of wrapping paper is prior bad act evidence, the Court first looks to see if there is any special relevance. See Landry, 631 F.3d at 602. Contrary to the photo of the marijuana, the government does assert a connection between the photo of the wrapping paper from February 2020 and the drug point, stating that the paper in the photo "closely matches" the wrapping paper found on the ground in Loíza in April 2021. (Docket No. 101 at p. 5.) As discussed above, evidence that connects Matta to the drug point would be relevant to his knowledge of firearms. Cf. United States v. Hicks, 575 F.3d 130, 139—40 (1st Cir. 2009) (evidence that defendant was actually living in the home was relevant to dispute his defense that he had only been at the property on the day of the search to

babysit and was not involved with the "narcotics trade being run out of the home.")

The Court thus must determine whether the probative value of this evidence is outweighed by unfair prejudice.  See Varodakis, 233 F.3d at 118.  Unlike a photo of a bag of illegal drugs, the photo of the wrapping paper rolls does not conjure obvious associations with crime.  The danger of unfair prejudice is thus lessened and can be managed with a limiting instruction to the jury.  Cf. United States v. Richardson, 515 F.3d 74, 83 (1st Cir. 2008).

Matta's motion *in limine* as to the photo of the wrapping paper is thus **DENIED**.

### iii.   The Selfie

The photo of Matta does not represent a prior bad act and is relevant if other evidence from Matta's cellphone is introduced, as it would serve to identify the cellphone as belonging to Matta.  See Docket No. 101 at p. 7.  Thus the Court **DENIES without prejudice** the preclusion of this photo.

### B.   BOP Recorded Calls

Matta also moves to preclude the government from introducing recorded calls Matta made while incarcerated, arguing they are irrelevant.  (Docket No. 98 at p. 8.)  The government argues that the calls include relevant and admissible statements

by Matta because in at least one phone call with his spouse, Matta described the events that led to his arrest. (Docket No. 101 at p. 7.) Matta replied that any statements by his consensual partner would be inadmissible hearsay and violate his Sixth Amendment right pursuant to the Confrontation Clause. (Docket No. 110 at p. 3.)

Federal Rule of Evidence 801(d)(2) ("Rule 801(d)(2)") states that an opposing party's statement offered against an opposing party is not hearsay. Fed. R. Evid. 801(d)(2). Additionally, the statements of a conversation partner may be introduced to provide context, rather than for the truth of the matter, and thus are also not hearsay. United States v. Walter, 434 F.3d 30, 34 (1st Cir. 2006). Because such statements are not hearsay, "the Confrontation Clause 'does not bar the[ir] use . . . .'" Id. at 35 (quoting Crawford v. Washington, 541 U.S. 36, 57 n. 9 (2004)).

The government's submission of statements made by Matta are not hearsay pursuant to Rule 801(d)(2), and may be relevant if they contradict his story that he was mistaken for one of the individuals who fled the police. Cf. United States v. Norton, 26 F.3d 240, 244 (1st Cir. 1994) ("Evidence which tends to disprove a witness's testimony about a material issue in the case is relevant.") (citing United States v. López, 979 F.2d 1024, 1034 (5th Cir. 1992)). As the Court does not know the specific contents

of the calls offered for admission, the Court cannot rule at this time that they are irrelevant.  Similarly, statements from the other participant in a call may be presented not for the truth of the matter but to provide context, and in that instance the statements would be admissible and are not barred by the Confrontation Clause.  See <u>Walter</u>, 434 F.3d at 34—35.

Matta's motion *in limine* to preclude the government from introducing his recorded calls is thus **DENIED**, but **without prejudice**.  The motion may be renewed when a particular call is offered as evidence.

### C.   Conclusion

For the reasons set forth above, Matta's motion *in limine* is **GRANTED** as to the photo of the marijuana, **DENIED** as to the photo of the wrapping paper and **DENIED without prejudice** as to the photo of Matta and the recorded phone calls.  (Docket No. 96.)  The United States' motion *in limine* is **GRANTED.**  (Docket No. 101.)  **Trial is set for October 17, 2022, beginning at 9:00 a.m.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 3, 2022.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE